UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,                        HON. TERRENCE BERG
                                      Case No. 26-cr-20097
          Plaintiff,

Vs.

ANTONIO CADDELL,

          Defendant.

_____/

**MOTION TO VACATE DETENTION ORDER**

Now Comes Antonio Caddell, by and through his attorney, Steven Scharg and moves this Court for an order to vacate the Detention Order and place Defendant in home confinement with a GPS Monitor and says to the Court as follows:

1. Defendant was charged on December 1, 2025 in a Criminal Complaint with Attempt and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21U.S.C. Section 841(a)(1) and 846. The Complaint was sealed.

2. Defendant was arrested, had his initial appearance on December 2, and a Detention Hearing on December 4, 2025 before Magistrate Judge Elizabeth A. Stafford. The parties proceeded by proffer

and Defendant was detained.

3.  The Pretrial Services Report recommended home confinement and use of a GPS monitor.  Defendant suggests this was reasonable.

4.  The Government proceeded on the theory Defendant was a danger to the community and not a flight risk.

5.  The Magistrate Judge erred by failing to find that dangerousness was proven by clear and convincing evidence.  Besides the quantity of drugs seized in July, 2024 the Government's position was dependent on a series of "anonymous tips", "tips" and speculation as well as the lyrics from songs sung by Defendant.  Defendant is a rap performer who has made public appearances.  While the subject matter of some songs are drugs, guns, and law enforcement; the songs and related videos are not unlike countless others in the public realm.  They are not confessions.  The Government also pointed out that "he mock rival groups who members are being killed or arrested."  ECF No. 19, Page Id. 52, Tr. P. 7.[1]

6.  The hard evidence in this case is from the controlled delivery on or about July 17-18, 2024.  Defendant has agreed to waive his right to

---

[1] Many of these lyrics could well be the motivation for persons (tipsters) making anonymous claims.  Indeed the Government seems to suggest lyrics triggered an ongoing gang war on the east side.  (Id. P. 8).

be Indicted by a grand jury and will plead guilty to a one count Information charging Possession of Methamphetamine with Intent to Distribute on March 11, 2026 in violation of 21 U.S.C. Section 841(a)(1).

7. The Government's presentation when viewed in its entirety is a gossamer, flimsy web of tips, inferences from garden variety rap songs, claimed links to ill defined others, speculation and inferences.  Indeed the Magistrate Judge in relying on the statutory presumption and seemingly piled speculation and inferences on each other.  ECF No. 19, Page Id. 72, Tr. P. 27.  Respectfully, inference or speculation in a pile should not be clear and convincing so as to allow the determination the Government met its burden of proof.

8. That AUSA NhanThi Ngoc Ho declines to concur in the relief requested.

WHEREFORE, Defendant asks this Honorable Court to vacate the Detention Order and place him in home confinement with a GPS monitor.

Respectfully submitted,

/s/Steven Scharg
STEVEN SCHARG P43732
Attorney for Defendant
615 Griswold St., Suite 1120
Detroit, Michigan 48226
(313) 300-0214

Dated: March 5, 2026

## BRIEF IN SUPPORT

The standard of review is not set forth in the statute, 18 U.S.C. Section 3142.  Defendant believes that this Court should make its own independent conclusion in a de novo review of the Magistrate Judge's findings.  Cf. United States v Leon, 766 F2d 77, 80 (2d Cir 1985); United States v Daniels, 772 F2d 382 (7th Cir 1985).

It was incumbent upon the Magistrate to find that no conditions or combination of conditions would reasonably assure the safety of any other person or the community.  United States v Fatico, 458 F. Supp 388 (EDNY 1978) aff'd, 603 F2d 1053 (2d Cir 1979).

Clear and convincing evidence means proof that Antonio Caddell in actuality poses a danger to the community and not just merely in theory.  Here, a neutral, experienced and capable arm of the Court, Pretrial Services, made a determination Antonio Caddell is not a danger. Home confinement and GPS monitor are sufficient to protect the community.[2]

While the impression one is left with from the Government's proffer is certainly troublesome, upon scrutiny, there is little substance.

---

[2] Counsel is unaware of statistics but believes Pretrial services has an excellent record in making these determinations.

There is not a hint of reliability or credibility which can be attributed to any of the tips.  The songs may be obnoxious, but they are just songs. The process of piling inference upon inference is one which should not be acceptable in a legal analysis.  See eg. United States v Lopez, 514 US 549 (1985).  The proffer was heavy on speculation and conjecture but light on concrete evidence.  Defendant is accepting responsibility for the criminal conduct charged.

WHEREFORE, Defendant asks this Honorable Court to vacate the Detention Order and place him in home confinement with a GPS monitor.

Respectfully submitted,

/s/Steven Scharg
STEVEN SCHARG P43732
Attorney for Defendant
615 Griswold St., Suite 1120
Detroit, Michigan 48226
(313) 300-0214

Dated:  March 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that I served Assistant U.S. Attorney, Nhan Ho

with a copy of this motion by ecf filing and email on March 5, 2026.

Respectfully submitted,

/s/Steven Scharg
STEVEN SCHARG P43732
Attorney for Defendant
615 Griswold St., Suite 1120
Detroit, Michigan 48226
(313) 300-0214

Dated:  March 5, 2026