

F I L E D

MAR 1 1 2026

CLERK'S OFFICE
U.S. DISTRICT COURT

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

Antonio Caddell,

     Defendant.

_____/

Case No. 26-20097

Hon. Terrence G. Berg

# Plea Agreement

The United States of America and the defendant, Antonio Caddell, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Possession of 500 grams or More of Methamphetamine with Intent to Distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

Page 1 of 17

| Count 1 | Term of imprisonment: | At least 10 years and up to 40 years |
|---|---|---|
| | Fine: | Up to $ 10,000,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 120 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional narcotic trafficking and firearm charges against the defendant for his possession of controlled substances and firearms on or about December 2, 2025, including his possession of a machinegun in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c), which carries a mandatory minimum sentence of 30 years to be served consecutively to any other term of imprisonment.

4. **Elements of Count of Conviction**

The elements of Count 1 are:

1. The defendant knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

2. The defendant intended to distribute that methamphetamine.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about July 17, 2024, in the Eastern District of Michigan, the defendant knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute it. Specifically, on or about July 17, 2024, the defendant caused a package containing approximately 11.3 kilograms of methamphetamine to be shipped from California to a residence in Sterling Heights, Michigan, for delivery on July 18, 2024, into his possession for further distribution. The defendant knew the package contained more than 500 grams of

methamphetamine, and, by arranging the shipment, the defendant had the right and ability to exercise control over the methamphetamine, knew of that right, and intended to take possession of it—either personally or through others. The defendant intended to break up the methamphetamine into smaller quantities and distribute it.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**7.     Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Safety Valve

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties have no joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B. Imprisonment

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.    Fines

The parties have no agreement as to a fine.

## E.    Forfeiture

Pursuant to 21 U.S.C. § 853, the defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from proceeds traceable to defendant's violation of Title 21 as charged in

Count 1, and/or property used, or intended to be used, to commit or facilitate the commission of such violation.

The defendant also agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit to the United States, all firearms and ammunition involved in or used in the commission of his violation of 21 U.S.C § 841(a)(1).

The defendant agrees to the prompt entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested by the government. The defendant agrees that the forfeiture order shall become final as to the defendant at the time it is entered by the court.

In entering into the foregoing agreement with respect to forfeiture, the defendant expressly waives his right to have any further determination regarding the forfeitability of the property identified above whether by judge, or by a jury under Rule 32.2 of the Federal Rules of Criminal Procedure. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property may be part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise, at the change-of-plea hearing.

The defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant further agrees to hold the United States of America, the Department of Homeland Security – Homeland Security Investigations, the Bureau of Alcohols, Tobacco, Firearms, and Explosives, and any other federal or local law enforcement agency involved in this matter, their agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

**F.    Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13.    Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they

were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.  Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 P.M. on February 2, 2026. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon Jr.
United States Attorney

_____
Craig F. Wininger
Chief, Violent and Major Crimes Unit
Assistant United States Attorney

_____
Nhan Ho
Nicholas Mcintyre
Assistant United States Attorneys

Dated: January 14, 2026

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.


_____
Steven E. Scharg
Attorney for Defendant

Dated: 2/16/26


_____
Antonio Caddell
Defendant